PER CURIAM.
Lunick Janvier appeals the summary denial of his Rule 3.800(a) motion to correct illegal sentence. In his motion, Janvier challenged the constitutionality of his sentence of life without parole for the first degree murder he committed when he was 19 years old on the strength of Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), and Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). We affirm.
The holding of Graham is inapplicable to this case as Janvier was not sentenced to life without parole for a non-homicide offense. Further, both Graham and Miller apply only to juvenile offenders, that is, those who were under the age of 18 at the time they committed the offense. Miller, 132 S.Ct. at 2460 (“We therefore hold that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment’s *648 prohibition on ‘cruel and unusual punishments’ ”); Graham, 130 S.Ct. at 2030 (“Because ‘[t]he age of 18 is the point where society draws the line for many purposes between childhood and adulthood,’ those who were below that age when the offense was committed may not be sentenced to life without parole for a nonhomicide crime.”) (quoting Roper v. Simmons, 543 U.S. 551, 574, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005)).
Article I, section 17, of the Florida Constitution provides:
The prohibition against cruel or unusual punishment, and the prohibition against cruel and unusual punishment, shall be construed in conformity with decisions of the United
States Supreme Court which interpret the prohibition against cruel and unusual punishment provided in the Eighth Amendment to the United States Constitution.
The trial court correctly concluded that the holdings of Graham and Miller do not apply in this case. To the extent Janvier asks this Court to expand these holdings to other “youthful offenders” under the age of 21, this Court is bound by the pronouncements of the Supreme Court of the United States.

Affirmed.

WARNER, GROSS and FORST, JJ., concur.